UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



10 CIV 9245

| | |
|---|---|
| CHARLES KLEIN and STACY JOHNSON-KLEIN,<br><br>  Plaintiffs,<br><br>v.<br><br>DOWNTOWN RESTAURANT GROUP, LLC;<br>THE GRIFFIN NIGHTCLUB; RSNYC, LLC;<br>ADAM HOCK; CHRISTOPHER REDA;<br>ANTHONY DIFUILO; JOHN PIZZIRUSSO;<br>and JOHN DOES #1-5,<br><br>  Defendants. | ____ Civ. ____ (ECF)<br><br>COMPLAINT<br><br>JURY TRIAL<br>DEMANDED |

Plaintiffs Charles Klein and Stacy Johnson-Klein, by and through their attorneys, Emery Celli Brinckerhoff & Abady LLP, for their Complaint allege as follows:

**Nature of the Action**

1. This action arises from an incident that took place early in the morning of December 13, 2009 on the premises of the Griffin Nightclub located at 50 Gansevoort Street in Manhattan (the "Griffin"), during which Defendants and/or those under their direction and control engaged in a violent, brutal, unprovoked and entirely avoidable assault on Plaintiffs, an Oklahoma couple who were simply enjoying an evening out together.

2. Plaintiffs Charles Klein and Stacy Johnson-Klein area married couple who live in Oklahoma with their six children. In December of 2009, Plaintiffs made short trip to New York City to visit friends and do their Christmas shopping. During their visit, Plaintiffs planned an

outing to the Griffin, an upscale nightclub in Manhattan. Plaintiffs expected to make a short stop at the Griffin after dinner before returning to their hotel.

3. Instead, Plaintiffs were brutally assaulted for doing nothing more than going to a unisex bathroom, at the direction of an employee of the Griffin, when Ms. Johnson-Klein fell ill. Although Plaintiffs tried to explain to their assailants that they entered the bathroom with the express permission of a Griffin employee, Defendants forcibly removed Plaintiffs from the bathroom, and engaged in a brutal assault. Defendants kicked and/or punched Mr. Klein on his face and body for several minutes, and assaulted Ms. Johnson-Klein when she tried to reach her husband. Throughout this time, Defendants cursed and threatened Plaintiffs for having entered the bathroom.

4. As a result of Defendants' unjustifiable and unlawful actions, Mr. Klein suffered a concussion, multiple injuries to his head and body, dizziness and blurred vision, for which he required multiple hospital visits.

## Parties

5. Plaintiff Charles Klein at all relevant times was a resident of Lawton, Oklahoma.

6. Plaintiff Stacy Johnson-Klein at all relevant times was a resident of Lawton, Oklahoma.

7. Upon information and belief, Defendant Griffin Nightclub is a nightclub and/or lounge located at 50 Gansevoort Street in Manhattan.

8. Upon information and belief, Defendant Downtown Restaurant Group, LLC, is a limited liability company organized and existing under the laws of the state of New York, located at 350 Fifth Avenue, Ste 5101, New York, New York 10118, which operates, maintains, and/or participates in the control of the Griffin.

9. Upon information and belief, RSNYC, LLC is a limited liability company located at 341 Lafayette Street, PMB 4017, New York, New York 10012, which operates, maintains, and/or participates in the control of the Griffin.

10. Upon information and belief, Defendant Adam Hock is an individual who resides in New York. Upon information and belief, Defendant Hock has an ownership interest in Downtown Restaurant Group, LLC and/or RSNYC, LLC and is an owner, employee, and/or agent of the Griffin.

11. Upon information and belief, Defendant Christopher Reda is an individual who resides in New York. Upon information and belief, Defendant Reda has an ownership interest in Downtown Restaurant Group, LLC and/or RSNYC, LLC and is an owner, employee, and/or agent of the Griffin.

12. Upon information and belief, Defendant Anthony Difuilo is an individual who resides in New York. On information and belief, Defendant Difuilo was at all relevant times acting as an agent, servant, and/or employee of Downtown Restaurant Group, LLC, RSNYC, LLC, and/or the Griffin.

13. Upon information and belief, Defendant John Pizzirusso is an individual who resides in New York. On information and belief, Defendant Pizzirusso was at all relevant times acting as an agent, servant, and/or employee of Downtown Restaurant Group, LLC, RSNYC, LLC, and/or the Griffin.

14. Defendants John Does #1-5, whose actual names Plaintiffs have been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued under the fictitious designation "John Doe," participated in and/or directed the assault on Plaintiffs. On information

and belief, at all relevant times, these Does were acting as agents, servants, and/or employees of Downtown Restaurant Group, LLC, RSNYC, LLC, and/or the Griffin.

## Jurisdiction and Venue

15. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1332.

16. The act occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(a).

17. This action has been commenced within one year after the happening of the event upon which the claim is based.

## Jury Demand

18. Plaintiffs hereby demand a trial by jury in this action.

## Factual Allegations

19. During the early hours of December 13, 2009, Plaintiffs visited the Griffin. This visit had been arranged in advance by a Griffin staff member who arranges for groups and "VIPs" to visit the Griffin.

20. Shortly after they arrived at the Griffin, Ms. Johnson-Klein became ill. Plaintiffs asked a Griffin bouncer who had been staffed to assist them that evening for access to the restroom. The Griffin bouncer escorted Plaintiffs to a unisex bathroom, unlocked it using an electronic passcode, admitted them, and then left them alone. Plaintiffs locked the door from the inside.

21. Within approximately five minutes, Plaintiffs were disturbed by a repeated and loud banging on the door. Male voices repeatedly demanded that Plaintiffs exit the bathroom, and shouted, in sum and substance, "get the f—out or you're gonna die in that bathroom."

22. Concerned for their safety, Ms. Johnson-Klein sent a text message to the Griffin employee who had assisted them in getting their table that evening, stating that they urgently needed help.

23. Afraid that those outside would break in, Mr. Klein reluctantly unlocked the door and opened it slightly to try to explain that they had been admitted into the bathroom with the permission of a Griffin employee. But without saying a word to him or giving him an opportunity to explain, Defendants and/or those under their direction and control forcibly pulled Mr. Klein from the bathroom. They threw him against the wall and held him up, then eventually knocked him on the ground and proceeded to brutally stomp, kick, and punch him for the next several minutes. Mr. Klein was unarmed, and did not resist the attacks in any way.

24. Throughout this time, Ms. Johnson-Klein screamed for help and for the assailants to stop. When she tried to reach out to her husband, she was repeatedly thrown to the ground by the assailants. She was so frightened for her husband and for her own safety that she urinated in her pants.

25. Eventually, Griffin bouncers arrived, including the bouncer who had first taken them to the bathroom. In the moments that followed, Plaintiffs heard the assailants and the Griffin bouncers discuss throwing Plaintiffs out of the Griffin. The assault eventually ceased only after the Griffin bouncer who had first admitted Plaintiffs to the bathroom arrived and shouted that Plaintiffs were guests.

26. At Plaintiffs' insistence, an ambulance and the police were called. When the police arrived, they arrested Defendants Pizzirusso and Difuilo, but were unable to apprehend the other assailants. The Griffin did nothing to assist the police in their investigation, nor did it make any effort to apologize or make even a minimal effort to explain why Plaintiffs had been subject to a brutal assault for doing nothing more than entering a restroom.

27. Plaintiff Klein was taken to St. Vincent's Medical Center, where he remained for approximately 6-7 hours. He suffered from a concussion, contusions to his face, neck, and body, and required sutures for a gash on his forehead, and required additional hospitalization upon returning to Oklahoma.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer physical pain and suffering, reputational injury, medical expenses, psychological pain and suffering, loss of economic opportunity, and other losses.

**FIRST CAUSE OF ACTION**
Assault

29. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

30. Defendants and/or those under their direction and/or control had the real and/or apparent ability to cause imminent harmful and/or offensive bodily contact, they intentionally did violent and/or menacing acts which threatened such contact to Plaintiffs, and such acts caused apprehension of such contact in Plaintiffs.

31. The Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock and Reda are liable for the wrongdoing of the Individual Defendants under the doctrine of respondeat superior.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before alleged.

33. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

## SECOND CAUSE OF ACTION
Battery

34. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

35. Defendants, acting individually and/or in concert with others, intentionally, willfully, and maliciously directed and/or participated in physically striking and injuring Plaintiffs.

36. The Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock and Reda are liable for the wrongdoing of the Individual Defendants under the doctrine of respondeat superior.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before alleged.

38. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

## THIRD CAUSE OF ACTION
Negligence

39. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants owed a duty of care to Plaintiffs.

41. Defendants, their agents, servants, and employees were responsible for the harm that occurred to Plaintiffs.

42. Defendants breached their duty of care to Plaintiffs, including by failing to prevent the assault on Plaintiffs on the premises of the Griffin about which they knew/should have known; by failing to act in a timely manner to stop the assault; and by not assisting Plaintiffs after the assault.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

44. The Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock and Reda are liable for the wrongdoing of the individual Defendants under the doctrine of respondeat superior.

45. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

### FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

46. Plaintiffs repeat and reallege each of the foregoing paragraphs as if they were fully set forth at length herein

47. Defendants' actions were extreme and outrageous.

48. Defendants' actions were undertaken with the intent to cause Plaintiffs severe emotional distress and/or were done in disregard of a substantial probability of causing severe emotional distress.

49. As a result of Defendants' actions, Plaintiffs suffered extreme and severe emotional distress.

50. The Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock and Reda are liable for the wrongdoing of the Individual Defendants under the doctrine of respondeat superior.

51. As a result of the Defendants' malicious and intentional infliction of emotional distress, Plaintiffs suffered damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress

52. Plaintiffs repeat and reallege each of the foregoing paragraphs as if they were fully set forth at length herein

53. Defendants' actions were extreme and outrageous.

54. Defendants' actions caused Plaintiff Klein serious physical injury, and caused Plaintiff Johnson-Klein to observe serious physical injury to her husband.

55. Plaintiffs suffered extreme and severe emotional distress as a result of the foregoing.

56. The Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock and Reda are liable for the wrongdoing of the Individual Defendants under the doctrine of respondeat superior.

57. As a result of the Defendants' negligent infliction of emotional distress, Plaintiffs suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
Negligent Hiring, Training, Discipline, and Retention of
Employment Services
(Against Defendants Griffin, Downtown Restaurant Group, LLC; RSNYC, LLC; Hock; Reda)

58. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendants owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiffs while Plaintiffs were on its premises. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiffs or to those in a like situation would probably result from this conduct.

60. Upon information and belief, Individual Defendants were unfit and incompetent for their positions.

61. Upon information and belief, Defendants Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock, and Reda knew or should have known through the exercise of reasonable diligence that the Individual Defendants were dangerous.

62. Upon information and belief, Defendants Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock, and Reda's negligence in hiring, training, disciplining, and retaining the Individual Defendants proximately caused Plaintiffs' lasting physical, mental, emotional and professional injuries and scars.

63. Upon information and belief, because of the Griffin Nightclub, Downtown Restaurant Group, LLC, RSNYC, LLC, Hock, and Reda's negligent hiring, training, discipline, and retention of the Individual Defendants, Plaintiffs incurred significant and lasting physical and mental injuries.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages in an amount to be determined at trial;

    c.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 10, 2010

                            EMERY CELLI BRINCKERHOFF
                            & ABADY LLP

                            By: _/s/ Eisha Jain_____
                                Eric Hecker (EH 0989)
                                Eisha Jain (EJ 5057)

                            75 Rockefeller Plaza, 20th Floor
                            New York, New York 10019
                            (212) 763-5000

                            *Attorneys for Plaintiffs*