UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES KLEIN and STACY JOHNSON-
KLEIN,

                              Plaintiffs,

        v.

DOWNTOWN RESTAURANT GROUP, LLC;
THE GRIFFIN NIGHTCLUB; RSNYC, LLC;
ADAM HOCK; CHRISTOPHER REDA;
ANTHONY DIFUILO; JOHN PIZZIRUSSO;
JOHN DOES #1-5; ALL SEASON
PROTECTION OF NY, LLC; AND ALL
SEASON PROTECTION SERVICES, INC.,

                          Defendants.

---

10 Civ. 9245 (LTS) (THK) (ECF)

**PRELIMINARY PRE-TRIAL
STATEMENT**

## A. Nature of this Action

This is an action pursuant to New York state law for assault, battery, negligent hiring and retention, and negligence (including but not limited to a claim for premises liability) stemming from an assault that occurred on the premises of the Griffin Nightclub on December 12, 2009.

## B. Jurisdiction

Plaintiffs' position: The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1332. The amount in controversy exceeds $75,000. Plaintiffs Charles and Stacy Klein are residents of Oklahoma. Defendants[1] are residents of New York.

Defendants' position: Defendants do not contest jurisdiction.

---

[1] Throughout this statement, "Defendants" refers to Defendants who have appeared in this matter: Downtown Restaurant Group, LLC; Griffin Nightclub; RSNYC, LLC; Adam Hock; Christopher Reda; All Season Protection of NY, LLC. The other Defendants have not appeared and did not participate in the parties' R. 26 conference.

**C.  Material Uncontested/Admitted Facts**

1.      Plaintiffs Charles and Stacy Klein were patrons at the Griffin Nightclub located at 50 Gansevoort Street in Manhattan early the morning of December 13, 2009.

2.      While on the premises of the Griffin Nightclub, Plaintiffs were assaulted.

3.      Anthony Difuilo was one of the individuals who assaulted Plaintiffs.

4.      Anthony Difuilo was subject to a criminal prosecution for assault, to which he pled guilty and was convicted.

**D.  Uncontested Legal Issues**

1.      Defendants owed a duty of care to Plaintiffs, including a responsibility to protect patrons from dangers that are known/should have been known on their premises.

2.      Defendants Downtown Restaurant Group, LLC; The Griffin Nightclub; RSNYC, LLC; All Season Protection of NY, LLC; and All Season Protection Services, Inc., are responsible for the wrongdoing of those who were acting pursuant to their direction and under their control under the doctrine of respondeat superior.

**E.  Legal Issues to be Decided by the Court**

At this point, plaintiffs believe that there are no disputes regarding the applicable substantive legal standards for each cause of action, and that the outstanding issues are ones of fact to be decided by a jury.

**F.  Material Disputed Facts**

Plaintiffs' Statement of Material Disputed Facts:

Whether Plaintiffs were admitted to the "VIP" bathroom of the Griffin Nightclub on the morning of December 13, 2009 by a Griffin security employee.

Whether Plaintiffs were subjected to an assault because they were in the VIP bathroom, and told, in sum and substance, that they "were gonna to die in the bathroom."

Whether Plaintiffs were subjected to a sustained assault by Anthony Difuilo and others.

Whether Anthony Difuilo and the others who assaulted Plaintiffs were acting pursuant to the direction/control of the other Defendants.

Whether Defendants took any steps to prevent foreseeable harm to Plaintiffs on the premises.

Statement of Defendants Downtown Restaurant Group, LLC; Griffin Nightclub; RSNYC, LLC; and Adam Hock:

See Attachment A.

Statement of Defendant All Season Protection of NY, LLC:

See Attachment B

**G. Causes of Action Asserted**

Plaintiffs' Cause of Actions Asserted:

1.    Assault/Battery:  Plaintiffs' claims are brought pursuant to New York State common law.

2.    Negligence:    Plaintiffs' claim is brought pursuant to New York State common law, and includes a claim against Defendants for premises liability, for failing to prevent a foreseeable harm to Plaintiffs.

3.    Negligent Hiring, Training, Discipline, and Retention of Employment Services:  Plaintiffs' claim is brought pursuant to New York State common law.

**H. Legal Basis for Each Defense Asserted or Intended to Be Asserted**

The statement of Defendants Downtown Restaurant Group, LLC; Griffin Nightclub; RSNYC, LLC; and Adam Hock is contained in Attachment A.

The statement of All Season Protection of NY, LLC is contained in Attachment B

**I. Statement of the Burden of Proof for Each Cause of Action/Defense**

The burden of proof falls on Plaintiff to prove each Cause of Action by a preponderance of evidence. Federal Jury Practice, § 104.01; Modern Federal Jury Instructions, Instruction 73-2; *Fischl v. Armitage,* 128 F. 3d 50 (2d Cir. 1997); *Larson v. JoAnn Cab Corp.,* 209 F.2d 929 (2d Cir. 1954).

Defendants have the burden of proving each defense by a preponderance of evidence.

**J. Amendments to Pleadings**

Plaintiffs' seek to amend the pleadings by removing Defendants Pizzirusso and Reda as Defendants, and by removing the causes of action for intentional and negligent infliction of emotional distress, and request to do this concurrently with the conference on April 29, 2011.

**K. Transfer to Magistrate**

The parties agree to transfer this matter to a magistrate for discovery purposes. The parties do not agree to transfer this matter to a magistrate for trial.

**L. Fed. R. Civ. P. Disclosures**

The parties have agreed to exchange disclosures by April 27, 2011 and do not request any changes to the timing, form, or requirement of the disclosures at this time.

### M.  Subjects of Discovery

Plaintiffs anticipate seeking discovery regarding the following: documents concerning the incident; documents concerning witnesses to the incident; documents concerning prior incidents of assault at the Nightclub; documents concerning Defendants' cooperation with the police investigation and efforts to apprehend the assailants following the assault; documents concerning defendants' hiring of security and efforts at training security personnel who were present at the time of the incident.

Defendants anticipate discovery regarding Plaintiffs damages, including medical records.

The parties propose a discovery cut-off no later than 6 months from the date of the pretrial conference, on October 31, 2011.

### N.  Expert Evidence

A medical expert may be required.  Plaintiffs request that any party intending to use an expert identify their intent to use an expert and the identity of the expert two months from the close of discovery, and that expert discovery close simultaneously with fact discovery.

### O.  Limitations on the Scope of Discovery

The parties do not seek to change the limitations imposed under the Federal Rules of Civil Procedure or the Local Rules of court at this time.

### P.  Settlement Discussions

At this point, the parties have not engaged in substantive settlement discussions. Plaintiffs have not been requested to make a demand, but are willing to discuss settlement at any point.

### Q. Trial By Jury

Plaintiffs request a trial by jury and anticipate, at this point, requiring 2-3 trial days to present Plaintiffs' case.

The position of Downtown Restaurant Group, LLC; Griffin Nightclub; RSNYC, LLC; and Adam Hock is contained in Attachment A.

The position of All Season Protection of NY, LLC is contained in Attachment B.

### R.   Additional Orders

If the parties cannot agree to a protective order to protect medical and other confidential information prior to the parties' conference, Plaintiffs' will propose a protective order prior to the conference and request that it be so-ordered.

Plaintiffs anticipate possibly requesting at a later date a court-ordered subpoena for all police and prosecutor files concerning this matter, as well as for police and investigative files concerning prior assaults on the premises of the Griffin Nightclub.

Dated: New York, NY
　　　　April 22, 2011


EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____
Richard D. Emery, Esq.
Eisha Jain, Esq.

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
212-763-5000
*Attorneys for Charles & Stacey*
*Johnson Klein*


CONWAY, FARRELL, CURTIN &
KELLY

By:_____.
Gail M. Kelly, Esq.

48 Wall Street, 20th Floor
New York, NY  10005
212-785-2929
*Attorney for All Season Protection*
*of NY, LLC*

**Q.  Trial By Jury**

Plaintiffs request a trial by jury and anticipate, at this point, requiring 2-3 trial

days to present Plaintiffs' case.

The position of Downtown Restaurant Group, LLC; Griffin Nightclub; RSNYC,

LLC; and Adam Hock is contained in Attachment A.

The position of All Season Protection of NY, LLC is contained in Attachment B.

**R.   Additional Orders**

If the parties cannot agree to a protective order to protect medical and other

confidential information prior to the parties' conference, Plaintiffs' will propose a

protective order prior to the conference and request that it be so-ordered.

Plaintiffs anticipate possibly requesting at a later date a court-ordered subpoena

for all police and prosecutor files concerning this matter, as well as for police and

investigative files concerning prior assaults on the premises of the Griffin Nightclub.

Dated: New York, NY
       April 22, 2011


EMERY CELLI BRINCKERHOFF                CONWAY, FARRELL, CURTIN &
& ABADY LLP                             KELLY

By:_____           By:_____
Richard D. Emery, Esq.                  Gail M. Kelly, Esq.
Eisha Jain, Esq.

75 Rockefeller Plaza, 20th Floor        48 Wall Street, 20th Floor
New York, NY 10019                      New York, NY  10005
212-763-5000                            212-785-2929
*Attorneys for Charles & Stacey*        *Attorney for All Season Protection*
*Johnson Klein*                         *of NY, LLC*

HAVKINS ROSENFELD RITZERT & VARRIALE, LLP

By: _____

Steve Rosenfeld, Esq.
Gregg Scharaga, Esq.

1065 Avenue of the Americas, 8th Floor
New York, NY 10018
212-488-1598
*Attorneys for Downtown Restaurant Group, LLC,*
*Griffin Nightclub,  RSNYC, LLC, Adam Hock,*
*and Christopher Reda*

## ATTACHMENT A

Statement of Disputed Material Facts of Defendants Downtown Restaurant Group, LLC, RSNYC, LLC, Adam Hock and Christopher Reda

Defendants deny having any involvement in the alleged assault on plaintiffs.

Downtown Restaurant Group, LLC is the owner and operator of Griffin.

At the time of the alleged incident, the members of Downtown Restaurant Group, LLC were defendants Hock and RSNYC, LLC.

Defendant Reda is the sole member of RSNYC, LLC.

There is no evidence that Reda and Hock were on the subject premises on the night of the alleged assault or involved in the alleged assault.

Neither Hock nor Reda directed anyone to assault anyone or to act in a manner resulting in an assault.

Upon information and belief, defendant John Pizzirusso was involved in the alleged assault.

Downtown Restaurant Group, LLC did not directly employ any security guards or individuals designated to provide security guard protection services on the night of the alleged incident; such services were provided by defendant All Season Protection of NY, LLC.

Basis for Defenses

Defendants can not be liable for the actions of All Season, which was an independent contractor.

Plaintiffs cannot demonstrate any evidence to pierce the corporate veil, in that plaintiffs cannot show that the individual defendants Reda and Hock exercised complete domination of the corporate defendants Downtown Restaurant Group, LLC and RSNYC, LLC with respect to the alleged assault and that such domination was used to commit a fraud or wrong against the plaintiffs which resulted in the plaintiffs' injuries.

That any injuries and/or damages sustained by the plaintiffs, as alleged in the Complaint, were caused in whole or in part by the contributory negligence, comparative negligence and/or culpable conduct of said plaintiffs and not as a result of the contributory negligence and/or culpable conduct on the part of these answering defendants or any party under the control of these answering defendants.

Plaintiffs have failed to mitigate their damages, if any exist.

Any verdict, judgment or decision that might be obtained by the plaintiffs against this answering defendants, shall be reduced by the amount of collateral source payments received by plaintiffs pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonably certainty, reimburse or indemnify the plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Worker' Compensation or employee benefit program.

The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering defendants neither had nor exercised control.

In accordance with CPLR 1601 et seq., the liability of answering defendants, if any, to the plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom the plaintiffs could have obtained personal jurisdiction with due diligence.

That the injuries and damages to the plaintiffs were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiffs and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care of plaintiffs pursuant to CPLR Article 14 and 14-A.

These answering defendants did not breach any duties owed to the plaintiffs, neither contractually nor by common law duty, and/or any alleged breach of duties were not the proximate cause of plaintiffs' alleged damages.

If the plaintiffs sustained any injuries alleged in the Second Amended Complaint, said injuries were proximately caused by independent, intervening and superseding causes which could not reasonably have been foreseen and for which answering defendants are not liable or responsible.

That if the plaintiffs shall have a judgment and/or verdict entered in their favor over and against this answering defendants, the judgment and/or verdict shall be precluded, modified, offset and/or reduced by any and all sums or consideration paid or promised to the plaintiffs by any person, corporation, or parties claimed to be liable for the injuries and/or damages alleged in the Complaint to the extent of the greater of either of the sum or consideration paid or promised to the plaintiffs, or the amount of the released tortfeasor's equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law §§ 15-105 and 15-108..

The servants, agents and/or employees of answering defendants did not take part in, or have knowledge of, or direct the acts complained of in the Second Amended Complaint and/or the events leading up to the alleged incident.

The Second Amended Complaint fails to state a claim upon which relief can be granted.

Plaintiffs' claims for punitive damages violate, and are therefore barred by, the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America

Plaintiffs' claims for punitive damages violate, and are therefore barred by the following provisions of the Constitution and the State of New York, Article 1, Sections 5,6,11 and 12

The culpable conduct of those responsible for the incident or the occurrence alleged in the Second Amended Complaint constituted a separate, independent, superseding, intervening culpable acts or acts which constitute the sole proximate cause of the accident or occurrence alleged.

Date:  April 21, 2011

**HAVKINS ROSENFELD RITZERT**
**& VARRIALE, LLP**

By: _____
       Steven H. Rosenfeld (SR 3829 )
       Gregg Scharaga  (GS 0446)

## ATTACHMENT B TO PRE-TRIAL STATEMENT

Defendant ALL SEASON PROTECTION OF NY, LLC, by its attorneys
CONWAY, FARRELL, CURTIN & KELLY, .P.C., provides the following addition
**(Attachment B)** to the Preliminary Pre-Trial Statement of the parties:

### A. Nature of this Action

Information supplied by Plaintiff claims the incident took place on December 13,
2009.

### B. Jurisdiction

Defendant does not contest jurisdiction.

### C. Material Uncontested/Admitted Facts

Defendant conditionally assents to use of the term "assaulted" within the
uncontested or admitted facts section subject to proof by Plaintiff.

### D. Uncontested Legal Issues

1.      Defendant objects to imposition of a general duty of care to the Plaintiffs,
absent additional facts to be proven by Plaintiffs.

### F. Material Disputed Facts

Whether Defendant All Season owed a duty of care to the Plaintiffs.

Whether Defendant All Season breached any duty owing to the Plaintiffs.

Whether Plaintiffs were subjected to an "assault" as alleged in the Complaint.

Whether Plaintiffs initiated or otherwise caused the alleged altercation or incident
alleged in the Complaint.

Whether Defendant All Season was aware of any condition on the premises which
would have precipitated the alleged altercation or incident.

Whether Plaintiffs advised Defendant All Season of any condition on the premise which would have precipitated the alleged altercation or incident.

Whether the altercation or incident alleged was foreseeable to Defendant All Season.

Whether any of the alleged assailants were acting under the direction or control of Defendant All Season.

**G. Legal Basis for Each Defense Asserted or Intended to Be Asserted**

First Affirmative Defense

Plaintiff has failed to set forth facts sufficient to state a claim under New York common law.

Second Affirmative Defense

Under New York common law Plaintiffs conduct preceding and during the altercation or incident may be considered to reduce any liability of the Defendants.

Third Affirmative Defense

Intervening acts of unrelated third parties are a defense to the action under New York common law.

Fourth Affirmative Defense

Under New York common law, Defendant is not responsible for parties over which Defendant was not obligated to exercise control or supervision.

Fifth Affirmative Defense

Based on New York common law, Plaintiffs have a duty to mitigate their damages.

Sixth Affirmative Defense

CPLR 4545 provides that collateral sources received by the Plaintiff will reduce any verdict or judgment against the Defendant.

Seventh Affirmative Defense

CPLR Article 16 applies to limit the liability of this Defendant if Defendant is found jointly and severally liable.

Eighth Affirmative Defense

New York State and U.S. Constitution Due Process provisions prohibit imposition of punitive damages in this case.

Cross Claims Against Co-Defendants

Defendant All Season has asserted cross claims against all co-defendants for

contribution and indemnification under New York common law.


    **J.**    **Amendments to Pleadings**

In light of Plaintiff's proposed discontinuance as against John Pizzirusso,

Defendant All Season may seek to implead this Defendant and asks to reserve the

right to do so until after review of initial discovery in this matter.

**R.**    **Additional Orders**

Defendant All Season requests that Plaintiffs produce any and all records or

documents obtained pursuant to So-Ordered subpoenas of the Court for NYPD

and District Attorney files on the incident in question.


Dated: New York, New York
      April 22, 2011

_____

Gail M. Kelly (GK-5375)
CONWAY, FARRELL, CURTIN & KELLY, P.C.
Attorneys for Defendant ALL SEASON
PROTECTION OF NY, LLC
48 Wall Street – 20th Floor
New York, New York, 10005
(212) 785-2929